# NO. 12-23-00135-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID KENT FITCH,* *APPELLANT* | § | *APPEAL FROM THE 475TH* |
| | § | *DISTRICT COURT* |
| *V.* | | |
| | § | *SMITH COUNTY, TEXAS* |
| *THE STATE OF TEXAS,* *APPELLEE* | | |

*MEMORANDUM OPINION*
*PER CURIAM*

Pursuant to a plea bargain agreement, David Kent Fitch pleaded "guilty" to evading arrest or detention with a vehicle, charged as a habitual offense. In accordance with the agreed punishment recommendation, the trial court sentenced Appellant to fifty-five years in prison. Appellant appealed.

The clerk's record has been filed and the trial court's certification states that this is a plea bargain case, and the defendant has no right of appeal. The certification is signed by Appellant and his counsel. *See* TEX. R. APP. P. 25.2(d). Appellant also signed a waiver of appeal.

When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. *Id*. This Court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. Based on our review of the record, the trial court's certification appears to accurately state that this is a plea bargain case and Appellant has no right to appeal. *See* ***Dears v. State***, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review record to determine whether trial court's certification is accurate). Because the trial court did not grant Appellant the right to appeal his conviction, we ***dismiss*** the appeal.

Opinion delivered June 30, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2023

NO. 12-23-00135-CR

**DAVID KENT FITCH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 475th District Court

of Smith County, Texas (Tr.Ct.No. 475-0038-23)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*